# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. SHERMAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01378-BAM-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(ECF No. 3) |

　　　Plaintiff William Jones is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.

　　　Currently before the Court is Plaintiff's motion to request the appointment of counsel, in which he states that he cannot afford counsel, his imprisonment limits his ability to litigate, and that counsel would better be able to present his case at trial. (ECF No. 3.)

　　　Plaintiff does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent him pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and

exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot find any likelihood of success on the merits. Also, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, filed September 19, 2016 (ECF No. 3) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **February 3, 2017**         /s/ Barbara A. McAuliffe        
                                      UNITED STATES MAGISTRATE JUDGE