# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JONES,<br><br>Plaintiff,<br><br>v.<br><br>STUART SHERMAN, et al.,<br><br>Defendants. | Case No. 1:16-cv-01378-DAD-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 8)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff William Jones ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed an unsigned complaint in this action on September 19, 2016, (ECF No. 1), which was stricken with leave to file a signed complaint on September 30, 2016, (ECF No. 7). Plaintiff then filed a signed complaint on October 14, 2016, (ECF No. 8), which is currently before the Court for screening.

**I.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. §

1

1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California. Plaintiff names the following defendants: (1) Stuart Sherman, the Warden at SATF; (2) D. Romeo, a staff psychologist (Ph.D.) at SATF; (3) G. Martinez, a "(CEO)A" at SATF; and (4) CDCR.[1]

///

---

[1] It is unclear what Plaintiff means by "(CEO)A."

2

Plaintiff alleges as follows: Plaintiff is a marine veteran with combat related Post Traumatic Stress Disorder ("PTSD"). Plaintiff came to prison due to a crime directly related to his PTSD. In August 2015, Plaintiff was placed at SATF.[2] SATF offers rehabilitation programs for domestic violence, drug rehabilitation, criminal thinking, and reentry programs. There are hundreds of prisoners at SATF who suffer from combat related PTSD, and there are no programs, activity groups or services, or treatment courses available.

Stuart Sherman, as Warden at SATF State Prison, is in charge of the institutional activities, and is aware of all the programs, activities, and services required under the Americans with Disabilities Act ("ADA"). Under this Act, all Americans with disabilities are ensured programs, activities, and services. California Department of Corrections and Rehabilitation ("CDCR") claims that they are understaffed and cannot provide PTSD treatment for veterans with disabilities. CDCR only offers rehabilitation services to non-disabled inmates.

Plaintiff was seen by mental health provider D. Romeo, and was only offered ten minutes every 90 days where he was asked if he was okay and was then "sent packing." PTSD is considered a factor in the crime Plaintiff committed, and other inmates are given treatment classes to help them reintegrate into the community. G. Martinez only offers medication for treatment. They have the authority to implement a course of action to help the hundreds of veterans in CDCR. However, medical officials intentionally deny and/or delay Plaintiff's access to treatment. Plaintiff's PTSD is worsening, with hyper-vigilance, anxiety, flashbacks, insomnia. This is worsened when Plaintiff was placed in the kitchen, where there are extremely loud bangs from pots and pans. Plaintiff was also placed in a confined space, exacerbating his combat-related PTSD.

On December 2, 2015, Plaintiff was placed in the kitchen as his work assignment. Before Plaintiff was incarcerated, his PTSD was known and he was receiving treatment and counseling through the veterans for a few years, before seeing improvements. Plaintiff was diagnosed with PTSD before being brought to prison, and it is severely worsening his life and future by being imprisoned with no available treatment. Plaintiff's PTSD causes hyper alertness, bi-polar disorder, and anxiety attacks when exposed to loud noises and small spaces.

---

[2] Plaintiff wrote a date, but due to his penmanship, it is unclear whether he wrote August 18 or August 13.

3

On December 4, 2015, Plaintiff spoke with CCI Espenoza and was told that he would have to speak with mental health to get a job change, knowing his chronic medical condition and his incarceration for a crime caused by this disorder is in fact public and court record. Plaintiff then spoke with mental health on December 10, 2015 about his work assignment.

Plaintiff is receiving medication but it only helps manage his symptoms, and does little if anything to actually help to improve his disorder. Plaintiff believes it to be cruel and unusual punishment by CDCR to know of his disorder and yet place him in an environment that caused him pain and suffering.

Mental health, CDCR, Stuart Sherman, G. Martinez, D. Romeo, CCI Espenoza, Dr. Hashemi (G-yard doctor) have all played a part in Plaintiff's lack of treatment that has resulted in his pain and suffering. This pain and suffering includes hyper alertness, anxiety, combat related flashbacks, and insomnia. Plaintiff's condition is worsening by the day. The longer the inactions continue and no treatments are made available, the worse Plaintiff becomes a threat to his own safety and to the safety of others at SATF and in the outside world.

Plaintiff is seeking emergency injunctive relief, monetary damages, punitive damages, and to be awarded therapy.

### III. Deficiencies of Complaint

#### A. Linkage

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

4

Plaintiff has failed to name certain persons, such as CCI Espenoza and Dr. Hashemi, as defendants. Further, Plaintiff has made no factual allegations regarding any actions or inactions by Dr. Hashemi that violated Plaintiff's constitutional rights. If Plaintiff wishes to proceed against these defendants, he must name them as defendants, and allege sufficient facts showing how each person acted or failed to act in violation of his constitutionally-protected rights.

### B. Eighth Amendment

Plaintiff states that he asserts an Eighth Amendment claim for deliberate indifference to his medical needs, for cruel and unusual punishment based on his work assignment, and for the failure to protect.[3] The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2005). Prison officials must provide prisoners with medical care and personal safety and must take reasonable measures to guarantee the safety of the inmates. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S. Ct. at 1976 (1994) (internal citations and quotations omitted).

However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040. Where the failure to protect is alleged, the defendant must knowingly fail to protect plaintiff from a serious risk of conditions of confinement where defendant had reasonable opportunity to intervene. Orwat v. Maloney, 360 F.Supp.2d 146, 155 (D. Mass. 2005), citing Gaudreault v. Municipality of Salem, 923 F.2d 203, 207 n. 3 (1st Cir. 1991). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstrating in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842.

---

[3] Plaintiff states that his failure to protect claim is brought under the Fourteenth Amendment. However, because his claim concerns events arising after he was sentenced following a criminal conviction, his claim arises under the Cruel and Unusual Punishments Clause of the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n. 16, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 S. Ct. 1970 (1994). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

### 1. Conditions of Confinement

Plaintiff has failed to state a claim against any defendant for cruel and unusual punishment due to the conditions of his confinement by being placed in the kitchen for his work assignment. Although Plaintiff alleges that his job assignment in the kitchen worsens his PTSD symptoms, Plaintiff has not demonstrated that prison officials knew of any substantial risk of serious harm to Plaintiff's safety from assigning him to work in the kitchen.

1         Plaintiff also alleges that he was told to speak to medical health professionals by CCI Espenoza to get a job change, and that he did so. However, Plaintiff fails to elaborate in regards to what remedy, or lack of, was given.

        Furthermore, "an inmate has no constitutional right to any particular job status while incarcerated." Chapman v.Plageman, 417 F.Supp. 906, 907 (9th Cir. 1976). Plaintiff has failed to identify any arbitrariness in regards to his work assignment, such as if he were forced to work in a certain position. Chapman, 417 F.Supp. at 908. Plaintiff will be granted leave to amend his complaint to demonstrate whether this job assignment constitutes a violation.

### 2. Failure to Protect

        Plaintiff has failed to state a claim against any defendant for cruel and unusual punishment due to the failure to protect. Plaintiff has failed to identify what it is prison officials have failed to protect Plaintiff from. Although Plaintiff makes conclusory allegations that he is a threat to his safety and others, he does not state facts to support this conclusion. Plaintiff also does not identify who had any knowledge of any substantial risk to him, and whether the official or officials had an opportunity to intervene but deliberately did not do so.

        If Plaintiff amends this claim, he must state facts showing that defendants were aware of a substantial risk of serious harm to Plaintiff's safety, and disregarded that risk.

### 3. Deliberate Indifference to Serious Medical Needs

        Plaintiff fails to state a cognizable claim against any defendant for deliberate indifference to serious medical needs. When liberally construed, Plaintiff's allegations of suffering from chronic PTSD with hyper alertness, anxiety, flashbacks, and insomnia, are sufficient to show a serious medical need.

        Nevertheless, Plaintiff alleges that he is given medication that helps his symptoms, and that he sees the staff psychologist for ten minutes every 90 days. Although Plaintiff alleges he prefers different treatment, such as counseling and classes for reintegration into society, a difference in opinion between the physician and the prisoner in regards to the appropriate course of treatment does not constitute deliberate indifference. See Toguchi, 391 F.3d at 1058.

        To establish deliberate indifference when health care providers make a choice between

alternative choices of medical treatment, Plaintiff must allege facts showing that the course of treatment he was given was medically unacceptable under the circumstances. Jackson, 90 F.3d at 332; Sanchez, 891 F.2d at 242. In other words, Plaintiff must allege facts that a defendant chose a course of treatment in knowing disregard of an excessive risk to Plaintiff's health. Plaintiff will be granted leave to amend this claim.

### C. Plaintiff's Claims Under Title II of the Americans with Disabilities Act

Plaintiff asserts that he brings claims for discrimination or violation under the Americans with Disabilities Act.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Supreme Court has held that Title II applies to state prisons. Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001). In order to state a claim under Title II of the ADA, a plaintiff must allege that:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

Simmons v. Navajo County, 609 F.3d 1011, 1021 (9th Cir. 2010) (quoting McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004)).

Although 42 U.S.C. § 12132 does not expressly provide for reasonable accommodations, the implementing regulations provide that "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7). The duty to provide "reasonable accommodations" or "reasonable modifications" for disabled people under Title II of the ADA arises only when a policy, practice or procedure discriminates on the basis of disability. Weinreich v. Los Angeles County MTA, 114 F.3d 976, 979 (9th Cir. 1997). A

plaintiff accordingly bears the burden of establishing the existence of specific reasonable accommodations that the defendant public entity failed to provide. See id. at 978.

Plaintiff has adequately pleaded that he has a disability and that the prison is a public entity. However, he has not alleged that he was denied services, programs, or activities because of his disability, or that he is being denied a reasonable accommodation for participating in some service, program, or activity. Plaintiff instead alleges that there are insufficient programs, services, and activities to treat his PTSD. This claim is not actionable under the ADA. The ADA prohibits discrimination because of disability, not inadequate treatment for disability. Simmons, 609 F.3d at 1022; see also Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . . The ADA does not create a remedy for medical malpractice.").

Thus, Plaintiff has failed to state a claim for the violation of the ADA. Plaintiff will be granted leave to amend this claim to the extent he may do so in good faith.

### D. Eleventh Amendment

Section 1983 authorizes a federal civil rights action against any "person" who acts under color of state law. 42 U.S.C. § 1983. "Persons" who may be sued under § 1983 do not include a state or its entities, or state employees acting in their official capacities. See Will v. Mich. Dept. of State Police, 491 U.S. 58 (1989); see also Kentucky v. Graham, 473 U.S. 159 (1985) (the Eleventh Amendment bars federal damages actions against a state and its entities).

Claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. Kentucky, 473 U.S. at 169; see also Will, 491 U.S. at 71 (neither a state nor its officials acting in their official capacities are persons under § 1983). Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. See Quern v. Jordan, 440 U.S. 332, 344–45 (1979). Suits for injunctive relief are also generally barred. See Nat'l Audubon Soc'y v. Davis, 307 F.3d 835, 847 (9th Cir. 2002); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); Pennhurst State Sch. & Hosp. v.

1 | Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies).

Here, Plaintiff is attempting to sue CDCR, which is an agency of the state of California. CDCR has immunity from suit under the Eleventh Amendment.

Plaintiff also seeks emergency injunctive relief to make CDCR/SATF prison immediately offer PTSD treatment and support groups to help veterans in the prison system. Plaintiff's request for emergency injunctive relief will be dealt with in a separate order.

### E. Supervisory Liability

Plaintiff alleges that Warden Sherman is in charge of SATF and is aware of the requirements for compliance with the ADA. To the extent Plaintiff seeks to bring suit against Warden Sherman based solely on his supervisory role at SATF, he may not do so.

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has not alleged that Warden Sherman was directly responsible for, or even aware of, the medical care Plaintiff received or failed to receive at SATF. Plaintiff also fails to identify any policy to deny him treatment or otherwise deprive him of his constitutionally-protected rights, nor has Plaintiff identified any specific violation of the ADA, as discussed above.

If Plaintiff chooses to amend his complaint, Plaintiff must allege facts showing how Warden Sherman or any supervisory defendant participated in a violation of his rights, knew of a violation

and failed to act to prevent it, or promulgated or implemented a policy that effectively denies him his constitutionally-protected rights.

### F. Class Action

Throughout his complaint, Plaintiff refers to many or hundreds of veterans in CDCR custody with PTSD, and states that he seeks help for all those veterans. To the extent Plaintiff attempts to bring this lawsuit as a class action, such effort is unavailing.

Plaintiff is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, Plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).

This action, therefore, is not construed as a class or representative action, and instead is construed as an individual civil suit brought by Plaintiff.

### IV. Conclusion and Order

The Court finds that Plaintiff fails to state any cognizable claim in his complaint filed October 14, 2016. The Court will grant Plaintiff an opportunity to cure the identified deficiencies which Plaintiff believes, in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

///

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint, filed October 14, 2016 (ECF No. 8) is dismissed with leave to amend for failure to state a claim upon which relief can be granted;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint or notice of voluntary dismissal; and

4. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed.**

IT IS SO ORDERED.

Dated: **June 20, 2017**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE