# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JONES, | Case No.: 1:16-cv-01378-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S REQUEST FOR EMERGENCY INJUNCTIVE RELIEF BE DENIED |
| v. | |
| STUART SHERMAN, et al., | (ECF No. 8) |
| Defendants. | |

Plaintiff William Jones ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On October 14, 2016, Plaintiff filed a complaint in this action. (ECF No. 8.) In that complaint, Plaintiff requests emergency and immediate injunctive relief; specifically, an order providing treatment and support groups for Post Traumatic Stress Disorder ("PTSD") for all veterans at SATF. The Court construes the request as a motion for preliminary injunctive relief.

**I.      Request for Emergency Injunctive Relief**

Plaintiff requests that the Court issue an immediate order to have SATF offer treatment and support groups for PTSD for all veterans at SATF. Plaintiff asserts that his condition is worsening by

1

the day. Plaintiff further asserts that the longer treatment is not made available, the more Plaintiff becomes a threat to himself and to others, in and out of prison. Plaintiff claims that the treatment he is receiving is insufficient, and although his medication helps manage his symptoms, it does "little if anything to actually help to improve [his] disorder." (ECF No. 8, p. 4.)

### A. Standard

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quotations and citations omitted) (emphasis in original).

"A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985). The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

### B. Analysis

In this instance, Plaintiff has not demonstrated that he is likely to succeed on the merits of his claim. In an order issued concurrently with these findings and recommendations, the Court has screened Plaintiff's complaint and found that it does not state any cognizable claims. His complaint

was dismissed with leave to amend, and therefore his action does not proceed on any viable complaint at this time.

Plaintiff also has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief. He alleges that he is receiving some treatment which helps his symptoms. Plaintiff's vague assertions that he is becoming a threat to himself and others are too conclusory to determine whether a risk of severe harm exists in the absence of immediate injunctive relief.

Furthermore, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S.Ct. 1562 (1969); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007). As noted above, the Court has dismissed Plaintiff's complaint with leave to amend. No defendant has been ordered served and no defendant has yet made an appearance. At this juncture, the Court lacks personal jurisdiction over the defendants and it cannot issue an order requiring them to take any action. Zenith Radio Corp., 395 U.S. at 110; Ross, 504 F.3d at 1138-39. Nor does the Court have jurisdiction over CDCR or SATF prison officials generally merely based on the pendency of this action.

## II.     Conclusion and Recommendation

For the reasons explained above, the Court HEREBY RECOMMENDS that Plaintiff's request for emergency injunctive relief (ECF No. 8), be denied.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C.§ 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

///

///

///

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 20, 2017** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE